UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY D. FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-934 (CEJ) |
| ) | |
| CHRIS KOSTER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Jerry Franklin for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I. Background

On November 20, 2009, petitioner Jerry Franklin drove his vehicle head-on into a marked police car that was parked on the side of the road. Both officers in the police car were injured in the crash. After the crash, investigators found methamphetamine in petitioner's vehicle. Petitioner was charged in federal court with possession with intent to distribute methamphetamine; he was charged in state court with two counts of assault on a law enforcement officer.

After pleading guilty to the federal drug charge petitioner was sentenced to a 216-month term of imprisonment. The judgment was affirmed on appeal. United States v. Franklin, 695 F.3d 753 (8th Cir. 2012). Petitioner also pled guilty to the state charges of assault on a law enforcement officer. He was sentenced to two 18-year terms of imprisonment that were to run concurrently with each other and concurrently with the federal sentence. Resp. Ex. A.

Petitioner is currently incarcerated in the Forrest City Medium Federal Correctional Institution in Arkansas where he is serving both the federal and state sentences. In the instant § 2254 petition, petitioner challenges his state court convictions on the following grounds: (1) that defense counsel was ineffective for failing to file a notice of appeal; (2) that he was advised by defense counsel to plead guilty even though his conduct did not establish an element of the crime; and (3) that his plea was not knowing or voluntary and he is actually innocent.

II. Discussion

Before seeking federal habeas corpus relief, a petitioner must exhaust available state remedies. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus … shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). Once the petitioner fairly presents his claims to the state courts on direct appeal or in post-conviction proceedings, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Murphy v. King, 652 F.3d 845, 848-49 (8th Cir. 2011). The exhaustion requirement is grounded in "principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). If the petitioner has not presented his claims to state court, and the time for doing so has expired, his claims are exhausted (as there is no longer an available state remedy) but also procedurally defaulted. Id. at 731-32 (explaining the relationship between exhaustion and procedural default). However, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights" of the petitioner, the federal court can reach the merits of petitioner's claims although they

have not been presented in state court. 28 U.S.C. § 2254(b); Trimble v. Kansas, 927 F.Supp. 401, 403 (D. Kan. 1996) (stating that, in "the unusual situation of an inmate whose claims almost surely will not be considered by the state court until any possibility of meaningful relief has passed . . . federal review should not be denied").

It is undisputed that petitioner has never presented his habeas claims to a state court. Petitioner argues that, because he is not in the physical custody of the Missouri Department of Corrections (DOC), he is unable to pursue state post-conviction relief, and his claims should be considered exhausted. Respondent states that it is "unclear" whether petitioner has exhausted the state remedies for his second and third claims, but argues that petitioner's first claim is procedurally defaulted.[1] Because this Court believes that at least one form of state postconviction relief is available to petitioner, and that petitioner has not yet exhausted that process, the Court will not address the merits of petitioner's three claims. Rather, the Court will stay this proceeding and hold the habeas petition in abeyance while petitioner presents his unexhausted claims to state court.

A.   State Remedies

There are three Missouri Supreme Court Rules under which an individual may seek relief from a state conviction following a guilty plea. First, a prisoner may move for post-conviction relief pursuant to Rule 24.035. Second, a prisoner may file for state habeas corpus relief under Rule 91.01. Finally, Rule 29.07(d) provides that "to

---

[1] Respondent argues that petitioner's first claim - that counsel was ineffective for failing to file a notice of direct appeal - is procedurally defaulted. Respondent reasons that, although counsel failed to file the notice within the 10 days allowed under Missouri Supreme Court Rule 30.01, petitioner could have asked the court for leave to file a late notice within one year under Rule 30.03. Petitioner filed his federal habeas petition before the one year allowed under 30.03 had expired, so the state remedy was not yet exhausted. Respondent contends that the year has now expired, and therefore the claim is procedurally defaulted. The Court will reserve judgment on this issue.

correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The Court will discuss each of these rules and the extent to which the procedures they govern remain open to petitioner.

A motion under Rule 24.035 is the most frequently-used vehicle for seeking to vacate or correct a judgment or sentence resulting from a guilty plea. Missouri state courts have held that the limitations period for filing a Rule 24.035 motion begins to run on the date that the movant is "delivered, physically, into the custody of the Missouri Department of Corrections." Palermo v. State, 823 S.W.2d 151, 152 (Mo. Ct. App. 1992) (quoting McCambell v. State, 816 S.W.2d 681 (Mo. Ct. App. 1991)); see also, State v. Ison, 270 S.W.3d 444, 446 (Mo. Ct. App. 2008) ("[B]ecause [movant] was never committed to the Department of Corrections, a time limit under Rule 24.035 never began to run."). Missouri courts reject theories of constructive custody for the purposes of this rule. E.g., Thomas v. State, 808 S.W.2d 364, 365 (Mo. 1991) ("Although a concept of constructive custody can be found in the case law in other contexts, the language of Rule 24.035 is plain and not couched in terms of constructive custody. We, therefore, hold that the time limitations imposed in Rule 24.035 begin to run when a person under sentence is delivered, physically, into the custody of the Department of Corrections.").

Even if a prisoner is serving a sentence pursuant to the judgment of a Missouri court, that prisoner must be in the physical custody of the Missouri DOC in order to file a Rule 24.035 motion. For example, in Palermo v. State, a prisoner served concurrent sentences issued by Missouri and Kansas state courts in a Kansas prison. 823 S.W.2d 151, 151 (1992). Eventually, the prisoner completed his Kansas sentence, and he was

delivered to the custody of the Missouri DOC to continue serving his Missouri sentence. He then filed a motion under Rule 24.035.  The Missouri Court of Appeals held that, although the prisoner was serving his Missouri sentence while in the Kansas prison, the time for challenging the Missouri conviction under Rule 24.035 commenced on the date the prisoner was delivered to Missouri DOC, *not* on the date he was delivered to the Kansas DOC.  Id. at 152.

Similarly, in the instant case, petitioner is serving his Missouri sentence in a federal prison and he has not been delivered to the custody of the Missouri DOC . Indeed, because his federal and state sentences are of equal length and are concurrent with each other, he may never be delivered to the Missouri DOC.  Because the state custody requirement that triggers the time to file a motion under Rule 24.035 has not yet occurred (and may never occur), this remedy is unavailable to petitioner.

Petitioner's incarceration in a federal prison outside of Missouri likewise prevents him from pursuing a habeas action in state court under Missouri Supreme Court Rule 91.  Rule 91 allows prisoners to petition Missouri courts for the writ of habeas corpus. Rule 91.01(b) provides: "Any person restrained of liberty within the state may petition for a writ of habeas corpus to inquire into the cause of such restraint."  According to the plain language of the rule, only persons imprisoned within the state of Missouri may petition for the writ.

Missouri Supreme Court Rule 29.07(d) governs motions for post-conviction relief following a guilty plea.  That rule provides, in relevant part, that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."  Missouri courts have alluded to the potential application of this rule in circumstances where it is "too early to file a motion under

Rule 24.035 because the movant has not yet been . . . sent to the DOC." Brown v. State, 66 S.W.3d 721, 729 (Mo. 2002); see also, Ison, 270 S.W.3d at 446-47. Rule 29.07(d) appears to be the only avenue available for petitioner to raise his claims in a state forum.[2]

### B. Stay and Abeyance

Petitioner's physical location places him in a difficult dilemma. On one hand, it appears that petitioner's failure to exhaust state remedies resulted from his reasonable confusion regarding the state rules, two of which appear to require that he be transferred into state custody to challenge his conviction. On the other hand, had petitioner waited until being transferred into Missouri custody to challenge his conviction under Rule 24.035, the one-year limitations period for filing a federal habeas action would have expired. See Rodgers v. Roper, No. 4:08-CV-950 (AGF), 2011 WL 3794253, at *1-3 (E.D.Mo. Aug. 25, 2011) (explaining that a petitioner serving concurrent federal and Missouri sentences in federal prison is not "in custody" for the purposes of Missouri Supreme Court Rule 24.035, but *is* "in custody" pursuant to the Missouri sentence for the purposes of 28 U.S.C. § 2254). In order to ensure that petitioner is not deprived of a federal forum for his claims due to the unusual posture of his case, the Court believes it is appropriate to stay the instant proceedings and hold the § 2254 petition in abeyance.

---

[2] While Rule 24.035 states that it provides "the exclusive procedure" by which "such person" may seek relief for "claims enumerated," including claims that the conviction or sentence violates the Constitution of the United States, "such person" is a person delivered into the custody of the Missouri DOC. Petitioner is not "such person," so it is possible that a Missouri court might allow petitioner to raise his constitutional claims via Rule 29.07(d) instead of Rule 24.035. However, this is purely a question of state law, and should be decided by a state court when petitioner files his Rule 29.07(d) motion.

A stay and abeyance of a federal habeas petition is appropriate only in "limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the United States Supreme Court discussed three factors a district court should consider before employing the stay and abeyance procedure with respect to a "mixed petition," *i.e.*, a petition containing some claims which have been properly exhausted, and others which have not. Id. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), decided the same term and shortly after Rhines, the Court suggested that the stay and abeyance procedure discussed in Rhines applies outside of the context of mixed petitions. Id. at 416; see Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir. 2009) (interpreting Pace as sanctioning the use of stay and abeyance procedure outside of the context of mixed petitions); Ellis v. Bowersox, No. 4:10-CV-2227 (ERW/TCM), 2012 WL 3541924, at *2 n.3 (E.D. Mo. Aug. 15, 2012) (assuming, without deciding, that the stay and abeyance principles articulated in Rhines apply not only to "mixed petitions," but also to petitions which arguably contain only unexhausted claims). Thus, even though this case does not involve a mixed petition, the stay and abeyance procedure may be utilized.

A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 277, 278. See Ellis v. Bowersox, No. 4:10-CV-2227 (ERW/TCM), 2012 WL 3541924, at *2 (E.D. Mo. Aug. 15, 2012). All of the prerequisites have been met in this case.

First, petitioner's confusion regarding the state post-conviction remedies available to a prisoner in federal custody outside of the state is reasonable, especially in light of the complexity of the state rules and the lack of clarity in the state case law

on this point. His reasonable confusion constitutes "good cause" for failing to exhaust state court remedies before presenting his habeas petition in federal court. See Pace, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). Second, the claims asserted by petitioner are not "plainly meritless." In his first ground for relief, petitioner asserts a claim of ineffective assistance of counsel based on his attorney's failure to pursue a direct appeal. In some circumstances the failure to file a notice of appeal may constitute ineffective assistance. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Petitioner's claim on this point is not facially devoid of merit. Petitioner's second and third grounds for relief involve a claim of actual innocence and the related claim that he did not admit to an essential element of the crime in his guilty plea. After reviewing the record of petitioner's plea colloquy, the Court cannot say that these claims are "plainly meritless." Resp. Ex. A. Finally, petitioner has not engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 278. Rather, he filed his federal habeas petition within one year of the state court's judgment, because he reasonably believed no state remedy was available to a prisoner in his situation.

For the reasons discussed above, the Court will stay the proceedings in this case and hold the instant petition in abeyance. The stay will be circumscribed by reasonable time limits. See Rhines, 544 U.S. at 277-78 ("[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back."). The petitioner will be allowed thirty days in which to present his claims to the state courts in a post-conviction relief proceeding. Petitioner will thereafter have thirty days from the conclusion of the state court proceeding to file proof that he has exhausted all available

state remedies.  Failure to prove exhaustion may result in dismissal of the instant petition.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jerry Franklin for a writ of habeas corpus [Doc. #1] is **stayed and held in abeyance** pending exhaustion of petitioner's state remedies.

**IT IS FURTHER ORDERED** that the petitioner shall have thirty (30) days from the date of this Order to present his claims to the Missouri state courts in a motion for post-conviction relief.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the conclusion of the state post-conviction relief proceedings to submit proof that he has exhausted all available state remedies.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2013.