UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JERRY D. FRANKLIN,                    )
                                      )
            Petitioner,               )
                                      )
      vs.                             )        Case No. 4:11-CV-934-CEJ
                                      )
CHRIS KOSTER, et al.,                 )
                                      )
            Respondents.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Jerry D. Franklin for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed a response

in opposition, and the issues are fully briefed.

## I.   Background

On June 29, 2010, Franklin pled guilty in the Twenty-Second Circuit Court of

Missouri (City of St. Louis) to two counts of first degree assault on a law

enforcement officer, in violation of Mo. Rev. Stat. § 565.081.  *See State v. Franklin*,

No. 0922-CR05755-01; Resp. Ex. A.  He was sentenced on that same day to two

18-year terms of imprisonment that were to run concurrently with each other and

with a previously-imposed 216-month federal sentence for possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).[1]  Resp. Ex. A at

21.

In the instant petition, Franklin asserts a claim of ineffective assistance of

counsel based on the allegation that his attorneys failed to file an appeal as

---

[1]      The 216-month federal sentence was subsequently reduced to 192 months.  *See United States v. Franklin*, No. 4:09-CR-777-CDP (E.D. Mo.).

instructed.[2]  At the time the petition was filed, it appeared that Franklin had not exhausted available state remedies.  *See* 28 U.S.C. § 2254(b)(1)  Consequently, on July 24, 2013, the Court stayed the proceedings to allow Franklin to pursue post-conviction relief under Missouri Supreme Court Rule 29.07(d).  *See* [Doc. #29] (explaining that Rule 29.07(d) appeared to be the only state procedural avenue available to Franklin to press his claims); *McCoy v. State*, 456 S.W.3d 887, 892 (Mo. Ct. App. 2015) ("Rule 29.07(d) . . . authorizes a defendant to move to withdraw a guilty plea *following* the imposition of sentence, to correct [a] manifest injustice." (internal quotation marks omitted)); *State v. Ison*, 270 S.W.3d 444, 445 (Mo. Ct. App. 2008) ("Although a Rule 29.07 motion is filed in the criminal case, it is a civil collateral attack on a criminal conviction just as are Rule 24.035 and Rule 29.15 motions."); *see also* 28 U.S.C. § 2254(c).

On October 24, 2013, Franklin filed a *pro se* motion under Rule 29.07(d) to withdraw his guilty plea to correct a "manifest injustice" (hereinafter, "Rule 29.07 motion").  [Doc. #37-2 and #37-4]  In the Rule 29.07 motion, Franklin asserted that he had explicitly instructed his attorney to file an appeal of the judgment but the attorney failed to do so.  [Doc. #37-2 at 14–18]  No evidentiary hearing was held.  On November 8, 2013, the state circuit court summarily denied the motion.

---

[2]     Franklin originally asserted three grounds for relief: (1) counsel failed to file an appeal of the state conviction, as instructed; (2) counsel advised him to plead guilty even though Franklin's conduct did not establish an essential element of assault in the first degree; (3) Franklin's plea was not knowing or voluntary, and he is actually innocent.  [Doc. #1]  Franklin filed an amended petition in March 2012, raising a fourth claim: (4) counsel had an undisclosed conflict of interest that precluded him from representing Franklin.  [Doc. #24]  Respondents maintain that the amended petition was untimely filed and does not relate back to the original, timely petition.  *See Mayle v. Felix*, 545 U.S. 644, 662–64 (2005).  For the reasons discussed below, the Court only addresses Franklin's first claim, and consequently does not decide the timeliness issue.  *See Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014), *cert. denied sub nom. Dansby v. Kelley*, 136 S. Ct. 297 (2015) (explaining that "as a practical matter, a petitioner in federal habeas needs only one winning claim to gain relief—if he's got a winning ineffectiveness claim he doesn't need another." (quotation marks and citation omitted)).

[Doc. #37-3]  Franklin states that he first received a copy of the order denying the motion on January 20, 2015, when it was sent to him by counsel for respondents. [Doc. #44-4 at 2]

On January 21, 2015, Franklin filed a *pro se* "motion for late notice of appeal" of the denial of the Rule 29.07 motion in the Missouri Court of Appeals. [Doc. #44-1 at 1]  That motion was granted on January 28, 2015.  [Doc. #44-2] However, on March 3, 2015, the Missouri Court of Appeals suggested that the motion may not have been timely filed and therefore it "may have been improvidently granted." [Doc. #44-3]  Franklin was ordered to show cause why the January 28 order should not be set aside and his motion for leave to file a late notice of appeal should not be denied.  *Id.*   Franklin filed a *pro se* response.

On March 24, 2015, the Missouri Court of Appeals found that Franklin's motion for leave to file a late notice of appeal was untimely.   [Doc. #44-5] Specifically, the appellate court ruled that it lacked authority to address the merits of Franklin's claims because the motion was not filed within twelve months after the state circuit court's order denying the Rule 29.07 motion became final, as required by Missouri Supreme Court Rule 30.03.   *Id.*   As a consequence of that state procedural bar, the Missouri Court of Appeals set aside its earlier order and denied Franklin leave to file a late notice of appeal.  *Id.*  On May 5, 2015, Franklin's *pro se* application to transfer to the Supreme Court of Missouri was denied.  [Doc. #42-2 at 2]

Based on the procedural history recited above, the Court concludes that Franklin has exhausted his state remedies.   *See* 28 U.S.C. § 2254(b)(1)(A); *see also id.* § 2254(b)(1)(B).

## II.  Procedural Issues

### A.  Procedural default

"[I]t is well-settled that federal courts are precluded from reviewing 'a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).  The "adequate and independent state grounds doctrine . . . applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  *Coleman*, 501 U.S. at 729–30, 739. Where the petitioner has so procedurally defaulted his claims, he "'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'"  *Greer*, 493 F.3d at 957 (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)).

It is undisputed that Franklin did not timely appeal the state circuit court's denial of his Rule 29.07 motion.  And it was for that reason that the Missouri Court of Appeals was precluded from reaching Franklin's claims on the merits.  *See* [Doc. #44-5 at 1]; Mo. Sup. Ct. R. 30.03.  Franklin's failure-to-file-an-appeal claim is thus procedurally defaulted.  Therefore, the Court cannot reach that claim on the merits unless Franklin can show both cause and prejudice, or actual innocence. *See Greer*, 493 F.3d at 957.

Franklin was *pro se* during the entirety of the review of his Rule 29.07 motion, which was a "civil collateral attack on his criminal conviction."  *McCoy*, 456 S.W.3d at 896 ("Although a Rule 29.07 motion is filed in the criminal case, it is a

civil collateral attack on a criminal conviction just as are Rule 24.035 and Rule 29.15 motions." (quoting *Ison*, 270 S.W.3d at 445)).  He was not appointed counsel after he filed the Rule 29.07 motion in the state circuit court or on appeal after that motion was denied.  The cause and prejudice analysis is truncated in such circumstances.  *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

In *Martinez*, the Supreme Court held that, "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where the state courts did not appoint counsel in the initial-review collateral proceeding . . . ." *Id.* at 1318.  That rule applies where the initial review collateral proceeding is the "first designated proceeding to raise a claim of ineffective assistance of counsel." *Id.* at 1316; *see Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (extending *Martinez* to situations where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal").  *Martinez* applies in this case because "Missouri law does not allow a claim for ineffective assistance of counsel to be raised on direct appeal . . . ." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. 1989) (en banc), *overruled on other grounds by Joy v. Morrison*, 254 S.W.3d 885 (Mo. 2008) (en banc)); *see Sasser v. Hobbs*, 735 F.3d 833, 852 (8th Cir. 2013) (explaining that, "a procedure to assure adequate representation cannot depend on a defendant's acting *without* representation").  Based on *Martinez*, the failure to appoint Franklin counsel before or after he filed the Rule 29.07 motion establishes cause to excuse

his procedural default.

Having established cause, Franklin must next show prejudice. *See Greer*, 493 F.3d at 957. "If the habeas claimant can also show prejudice, the procedural default may be excused and the merits of the trial level ineffectiveness claim may be reached by the habeas court." *United States v. Lee*, 792 F.3d 1021, 1024 (8th Cir.), *as corrected* (Dec. 14, 2015), *reh'g denied*, 811 F.3d 272 (8th Cir. 2015) (citing *Martinez*, 132 S. Ct. at 1315). To prove "prejudice from a violation of federal law," the petitioner must show "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1316, 1319; *see Dansby*, 766 F.3d at 834. Therefore, the Court must determine whether any of Franklin's ineffective assistance of counsel claims is meritorious. If one of those claims is meritorious, he will have established prejudice, his procedural default will be excused, and, of course, he also will be entitled to relief.

## B. Applicability of 28 U.S.C. § 2254(d)

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, narrows a federal court's authority to issue a writ of habeas corpus on any claim that was decided on the merits by a state court. *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) (explaining that "28 U.S.C. § 2254(d) makes it clear that this provision applies only when a federal claim was 'adjudicated *on the merits* in State court'" (quoting 28 U.S.C. § 2254(d)) (emphasis added)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."

*Harrington v. Richter*, 562 U.S. 86, 99 (2011) (citation omitted). That presumption also applies "when a state-court opinion addresses some but not all of a defendant's claims." *Johnson*, 133 S. Ct. at 1094. "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Id.* at 1096.

If a habeas petitioner succeeds in rebutting the presumption, "the claim should be considered by the federal court *de novo*"; that is, not subject to § 2254(d)'s barriers to federal relief. *Id.* But the presumption is "a strong one that may be rebutted only in unusual circumstances . . . ." *Id.* For example, "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99–100 (citation omitted).

One such circumstance is where a state court has stated that "state-law procedural principles" require it to deny relief. *Id.* at 99. Another such circumstance is where "a federal claim is rejected as a result of sheer inadvertence," meaning "it has not been evaluated based on the intrinsic right and wrong of the matter." *Johnson*, 133 S. Ct. at 1097. However, to overcome the presumption in the absence of an explicit denial based on a state procedural barrier, the petitioner must show "the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court . . . ." *Id*.

But the absence of factual findings by a state court is not itself clear evidence that the state court did not reach the federal claim on the merits. *See Richter*, 562 U.S. at 92. Section 2254(d)'s strong presumption that a state court denied a

petitioner's federal claim on the merits "applies when state-court relief is denied without an accompanying statement of reasons." *Id.* In *Richter*, as in the state circuit court here, the habeas petitioner's federal claims were denied in a "one-sentence summary order." *Id.* at 96. The Supreme Court nonetheless held the absence of a statement of reasons was insufficient to rebut the presumption that the state court rejected the petitioner's federal claims on the merits. *Id.* The Supreme Court consequently held § 2254(d) applied to federal habeas review of the petitioner's claims. *See id.* at 96–101.

Here, Franklin raised the failure-to-file-an-appeal claim in the Rule 29.07 motion. [Doc. #37-2 at 14–18] The state circuit court summarily denied that motion without explanation. [Doc. #37-3] The Missouri Court of Appeals denied Franklin's motion for leave to file a late notice of appeal of the state circuit court's order for procedural reasons. [Doc. #44-5] Franklin's motion to transfer that procedural denial to the Supreme Court of Missouri for further review also was denied. [Doc. #42-2 at 2]

It is apparent that neither the Missouri Court of Appeals nor the Supreme Court of Missouri reached the failure-to-appeal claim on the merits. But that is not true of the state circuit court's denial of the Rule 29.07 motion in the first instance. Because the state circuit court summarily denied the Rule 29.07 motion without explaining whether it considered the merits, *Johnson* and *Richter* require the Court to assume the state circuit court reached Franklin's failure-to-appeal claim and rejected it on the merits. *See Johnson*, 133 S. Ct. at 1094–96; *Richter*, 562 U.S. at 92, 96. Therefore, the Court must apply § 2254(d) to review of Franklin's failure-

to-file-an-appeal claim. *See Richter*, 562 U.S. at 96–101; *Dansby*, 766 F.3d at 832–33.

### III.  Merits

#### A.  Legal standard

When a claim has been adjudicated on the merits in a state court proceeding, habeas relief is available under AEDPA only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision on the merits of a petitioner's claim is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." *Id.* A federal court "must determine what arguments or theories could have supported the state court's decision, and then ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Dansby*, 766 F.3d at 832 (quotation marks, bracketing, and citation omitted).

A decision involves an "unreasonable application" of clearly established law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular" petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see Payton*, 544 U.S. at 141 (explaining the application must be "objectively unreasonable"). An "unreasonable application" also occurs "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. But "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410. Indeed, "[f]ederal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quoting *Williams*, 529 U.S. at 410–11).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A petitioner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. Further, "it is not an unreasonable application of clearly established Federal law for a state court to

decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Id.* at 101 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). "[T]he views of the federal courts of appeals do not bind" a state court "when it decides a federal constitutional question, and disagreeing with the lower federal courts is not the same as ignoring federal law." *Johnson*, 133 S. Ct. at 1098. In turn, "evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664.

Finally, "in reviewing the state court decision, a fact determination is presumed to be correct and must be rebutted by clear and convincing evidence." *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (en banc); *see* 28 U.S.C. § 2254(e)(1); *Bell v. Norris*, 586 F.3d 624, 630 (8th Cir. 2009). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. A state court's decision may be considered an unreasonable determination of the facts based on the "evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004). A federal court reviewing a state court's factual findings also must "defer to the credibility determinations" of the state court. *Kennedy v. Kemna*, 666 F.3d 472, 484 (8th Cir. 2012). When a federal court grants habeas corpus relief on the basis of § 2254(d)(2), it is obligated to explain "the reasoning which led it to conclude that the state finding was not fairly supported by the record." *Sumner v. Mata*, 449

U.S. 539, 551 (1981).

## B. Ineffective assistance of counsel

The structural error rule that applies to Franklin's failure-to-appeal-as-instructed claim is unambiguous, specific, and exacting. *See Roe v. Flores–Ortega*, 528 U.S. 470 (2000); *Peguero v. United States*, 526 U.S. 23 (1999); *Rodriquez v. United States*, 395 U.S. 327 (1969). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an "objective standard of reasonableness" and that he was prejudiced thereby, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985), and *Strickland*, 466 U.S. at 687). Typically, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. "The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* Under the "doubly" deferential standard applicable to a § 2254(d) review of an ineffective assistance of counsel claim previously denied on the merits in a state proceeding, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

However, "in some instances even an isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial . . . ." *Id.* at

111 (quotation marks and citation omitted).  For example, in "some cases . . . the defendant alleges not that counsel made specific errors in the course of representation, but rather that during the judicial proceeding he was—either actually or constructively—denied the assistance of counsel altogether."  *Roe*, 528 U.S. at 483.  The Supreme Court has explained:

> The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage.  The same is true on appeal.  Under such circumstances, no specific showing of prejudice is required, because the adversary process itself is presumptively unreliable.

*Id.* (quotation marks, bracketing, and citations omitted).

Further, because a criminal defendant has "the ultimate authority" to determine "whether . . . to take an appeal," the right to appeal is one that can be waived only by the defendant, not by counsel.  *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (quotation marks and citations omitted).  Consequently, no showing of prejudice on the merits is required where "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself," including an appeal.  *Roe*, 528 U.S. at 483.  "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."  *Id.*  Applying those principles in *Roe*, the Supreme Court held that *Strickland* "applies to claims" that a petitioner's "counsel was constitutionally ineffective for failing to file a notice of appeal."  *Id.* at 477.

But the *Strickland* analysis is abridged in circumstances where a criminal defendant affirmatively instructs his counsel to file an appeal and the attorney fails to follow that instruction.  *Id.*  First, "a lawyer who disregards specific instructions

from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," and the "failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Id.*

Second, *Roe* recognizes that a petitioner must "show prejudice from counsel's deficient performance." *Id.* at 481. For this species of ineffective assistance of counsel claim, prejudice must be shown by demonstrating that "counsel's deficient performance" "actually cause[d] the forfeiture of the defendant's appeal." *Id.* at 484. To "show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficien[cy] . . . he would have timely appealed." *Id.* When counsel "deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

But the Supreme Court has "rejected any requirement that the would-be appellant 'specify the points he would raise were his right to appeal reinstated." *Id.* (quoting *Rodriquez*, 395 U.S. at 330); *see id.* at 470 (citing *Peguero*, 526 U.S. at 28, which held that, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). The inquiry is only whether the petitioner would have appealed, not which claims he would have raised or whether they might have been meritorious. *See id.*

Finally, the prejudice inquiry is even further abbreviated where, as alleged

here, "counsel failed to file a notice of appeal[] despite being instructed by the defendant to do so." *Id.* at 485 (citing *Rodriquez*, 395 U.S. at 328). A "defendant, by instructing counsel to perfect an appeal, objectively indicate[s] his intent to appeal and [is] entitled to a new appeal without any further showing." *Id.*; *see also id.* at 489 (Souter, J., concurring in part and dissenting in part) (explaining that, "It follows, as the majority notes, that if a defendant requests counsel to file an appeal, a lawyer who fails to do so is, without more, ineffective for constitutional purposes").

In sum, where a petitioner establishes that he instructed his counsel to file an appeal and his attorney did not follow the instruction, that dereliction is ineffective assistance of counsel *per se*. In such circumstances prejudice is established by the attorney's error and is presumed as to any claims that might have been raised on appeal, whether or not potentially meritorious. Where the facts reveal such a structural error has occurred, the defendant is automatically entitled to a new opportunity to file a timely direct appeal.

------------------------

*Roe*'s exacting rule is plainly applicable to the facts alleged both here and in the Rule 29.07 motion. If Franklin affirmatively instructed his counsel to file a direct appeal following his guilty plea in the state proceedings, then he is entitled to a new opportunity to timely appeal because of his counsel's failure to follow that instruction. *See id.* at 477–85 (majority opinion). If those allegations are true, the ruling denying Franklin relief either was a failure to identify *Roe* as the governing legal rule—which was "contrary to" federal law—or was an "objectively unreasonable" application of *Roe*'s highly specific rule. *See* 28 U.S.C.

§ 2254(d)(1); *Richter*, 562 U.S. at 101; *Payton*, 544 U.S. at 141; *Yarborough*, 541 U.S. at 664 (instructing that a court must "consider the rule's specificity" when "evaluating whether a rule application was unreasonable"); *Williams*, 529 U.S. at 405–06; *Dansby*, 766 F.3d at 832.[3]

Therefore, the only reasonable basis that could support the state circuit court's decision is a factual determination that Franklin did not affirmatively instruct his counsel to file an appeal. *See Crutcher v. United States*, 2 F. App'x 658, 660 (8th Cir. 2001) (instructing that, "[w]hether a defendant asked his lawyer to file a notice of appeal presents a question of fact"). And if Franklin did not so instruct his counsel, legal principles found elsewhere in *Roe* may or may not have reasonably applied to deny Franklin's claim. *See Roe*, 528 U.S. at 477–80.[4] The Court must

---

[3]    Respondents concede Franklin retained the limited right to appeal his guilty plea in spite of a waiver of appeal, including, *inter alia*, to argue on certain narrow grounds that his counsel was constitutionally ineffective, where his guilty plea was not knowing or voluntary, and he is actually innocent. [Doc. #44 at 11–15] He in fact asserts such claims here and in the Rule 29.07 motion. [Docs. ##1, 37-2] Thus, Franklin's limited appeal waiver calls for a straightforward application of *Roe*'s command to presume prejudice, where his attorney's alleged error forfeited at least some avenues of appeal left open despite the waiver, whether meritorious or not. *Cf. Witthar v. United States*, 793 F.3d 920, 922–23 (8th Cir. 2015) (implicitly acknowledging that reasonable jurists could disagree whether *Roe* applies to afford relief where a petitioner affirmatively instructed her counsel to appeal but the petitioner had executed a valid and *complete* waiver of appellate rights, but "extend[ing] the presumption of prejudice even to cases in which the petitioner has waived her right to appeal"). Further alleviating any doubt on this issue, Missouri's courts are in accord that where a defendant instructed his counsel to appeal, *Roe* applies and prejudice is presumed as to claims the defendant might have raised. *See State ex rel. Meier v. Stubblefield*, 97 S.W.3d 476, 477 (Mo. 2003) (en banc), *as modified on denial of reh'g* (Mar. 4, 2003); *State ex rel. Peete v. Moore*, 283 S.W.3d 818, 821 (Mo. Ct. App. 2009) ("A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Ritter v. State*, 213 S.W.3d 695, 696 (Mo. Ct. App. 2006) (citing *Roe,* 528 U.S. at 477, and *Peguero*, 526 U.S. at 28, and holding, "a lawyer who ignores specific instructions to appeal is professionally unreasonable; his client is entitled to a new appeal without proof of likely merit").

[4]    *Roe* also holds that where a "defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," "whether counsel has performed deficiently by not filing a notice of appeal" is determined based on two inquiries. *Id.* at 477. A court must first ask "whether counsel in fact consulted with the defendant about an appeal," in which case "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. On the other hand, "[i]f counsel has not consulted with the defendant," a court must inquire "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* That second inquiry in turn implicates a "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

16

presume that the state circuit court's determination of that fact was correct, unless Franklin can rebut that finding as unreasonable "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Bell*, 586 F.3d at 830; *King*, 266 F.3d at 822.  To do so, Franklin must show that "the state court's presumptively correct factual findings do not enjoy support in the record."  *Ryan*, 387 F.3d at 791; *see Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (holding a defendant must "'manifest' her desire to appeal by expressly instructing her attorney to appeal"); *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (holding a "bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition").

Critically, however, the state circuit court summarily denied the Rule 29.07 motion after considering only the motion on its face and the documents Franklin attached to it.  The state circuit court did not receive an adversary response to the motion, nor did it hold an evidentiary hearing to make credibility determinations.  *See Lucas v. State*, 451 S.W.3d 336, 341–42 (Mo. Ct. App. 2014) (holding that an evidentiary hearing is required on "a post-conviction motion for relief," unless "the motion and the files and records of the case conclusively show that [the petitioner] is not entitled to relief"); *Wright v. State*, 411 S.W.3d 381, 385–86 (Mo. Ct. App. 2013) (holding that, on a Rule 29.07(d) motion, "[t]o justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be specific enough to refute conclusively the movant's allegation" (quotation marks and citation omitted)); *see also Witthar*, 793 F.3d at 923 ("When a district court

---

particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing. If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request conversations took place (or did not take place), counsel's contrary statement simply is insufficient to support a finding that the petitioner's allegations cannot be accepted as true." (quotation marks, citations, and bracketing omitted)); *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014) (explaining that, in proceedings under 28 U.S.C. § 2255, "[t]he district court is not permitted to make a credibility determination on the affidavits alone"); *Walking Eagle v. United States*, 742 F.3d 1079, 1081–83 (8th Cir. 2014) (affirming a decision denying relief on a failure-to-appeal claim where the court below held an evidentiary hearing, made specific factual findings, took testimony from counsel, and credited counsel's testimony over the petitioner's). Of course, the state circuit court's decision not to hold an evidentiary hearing is an issue of state law that is virtually unassailable in these proceedings. *See Kennedy*, 666 F.3d at 485 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), for the proposition that, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). *But see Machibroda v. United States*, 368 U.S. 487, 494–95 (1962) (noting that a hearing is appropriate where a petitioner's allegations relate to "purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light").

In any event, as a result of the decision not to hold a hearing, the state circuit court had only limited evidence with which to make its factual

determinations. All of that evidence was introduced by Franklin and fully supports his claim, as does all of the evidence produced in this case.[5] In the instant petition, Franklin asserts that he was denied "effective assistance of counsel for counsel's failure to file a notice of appeal." [Doc. #1 at 4] Franklin attests: "I asked my lawyer to file a direct appeal, but he didn't follow through with my request." *Id.* He asks to be permitted to file "an out-of-time appeal" of his conviction. *Id.* at 15.

Franklin also pled that claim in the Rule 29.07 motion. [Doc. #37-2 at 14–18] Though the motion was filed *pro se,* the claims Franklin raised are plainly discernable. *See id.* Franklin wrote that his "state convictions" were "being challenged in this motion." *Id.* at 14. He asserted that, "during [his] court proceedings," his counsel, John Yarbrough and Tom Yarbrough, "did not follow through with all their expected duties and obligations," such that he was "deprived of [his] constitutional rights" due to "ineffective assistance of counsel." *Id.* at 14–15. Among his arguments in support of his challenge to the state conviction, respondents concede, Franklin raised a failure-to-file-an-appeal claim.

Indeed, Franklin argued that he suffered: "Denial of effective assistance of counsel for their failure to file a notice of direct appeal . . . ." *Id.* at 15. Franklin described that claim in detail, including attesting that he issued repeated and emphatic instructions that his counsel—specifically, John Yarbrough—should file a timely appeal of his state conviction following his guilty plea, which counsel indisputably failed to do.

According to Franklin, on June 29, 2010, following entry of his guilty plea in

---

[5] It is unclear whether the state circuit court had access to all of the documentary evidence filed in this case. In any event, because it does not change the outcome, the Court will assume *arguendo* that all evidence available here was also considered by the state circuit court in support of its decision.

the state proceedings, he was "rushed out of court," which "did not allow [him] to confirm with counsel," Tom Yarbrough, "that [he] wanted to appeal" his guilty plea. *Id.* at 16. But "[s]ometime later that day," Franklin "spoke with [his] wife," and he "told her to inform counsel of [his] specific instructions to file a direct appeal." *Id.* Franklin maintains that his wife, Wendy Franklin, "called [John] Yarbrough" on June 30, 2010 "to directly inform him of [Franklin's] specific instructions to perfect and file an appeal with the state." *Id.*

Franklin also avers that his counsel failed to communicate with him "directly at any time by phone or mail regarding [his] appeal." *Id.* His attorneys "deliberately ignored [his] decision and specific instructions to prepare an appeal and notify the court in a timely manner." *Id.* Additionally, though his attorneys were "require[d]" "to remain" as his counsel "through the appeals process," Franklin asserts that his counsel "abandon[ed]" him, and "[a]t no time did counsel notify [Franklin] or the court that they would no longer be [his] counsel." *Id.* One such instance of abandonment, according to Franklin, was his attorneys' "failure to follow through with their duty and obligation to file the appeal" as instructed. *Id.*

Franklin also attached to the Rule 29.07 motion a letter John Yarbrough sent to Wendy Franklin on July 1, 2010. *Id.* at 13. Among other things, John Yarbrough wrote: "This is to confirm our telephone conversation of June 30th. Since [Franklin] got 18 years in state court running concurrent with his federal sentence there is really no point in appealing the *federal sentence* because even if it was reduced, which I think is a long shot, it would not reduce the state sentence." *Id.* (emphasis added).

Wendy Franklin filed an affidavit in support of the Rule 29.07 motion. *Id.* at

11–12.  In that affidavit, she recounts a consistent narrative of the events pertinent to the failure-to-appeal claim.  According to Mrs. Franklin, John Yarbrough was repeatedly instructed to file an appeal in Franklin's state case.  *Id.*  She also recalls that she had a "conversation" with John Yarbrough on June 30, 2010, about "both" Franklin's federal and state cases.  *Id.* at 11.

Following a hearing on Franklin's federal charges a few days earlier, on June 18, 2010, one of his attorneys is alleged to have said that if Franklin "wants to appeal and [sic] we can.  But I don't see the point[;] we still have the state to deal with."  *Id.*  Wendy Franklin attests she responded that if Franklin "wants to appeal the [federal] sentence[,] then that is what we will do."  *Id.*  The attorney responded: "We will talk later," and then left.  *Id.*  Days passed, and Wendy Franklin "started calling Mr. Yarbrough's office every[]day[,] trying to inquire as to the status of the federal appeal."  *Id.*  Mrs. Franklin left "many voice messages" at the attorneys' "office."  *Id.*

Then, on June 29, 2010, Franklin was "sentenced by the state court."  *Id.*  He allegedly called his wife "later that day, and asked [her] to contact counsel and give them the specific instructions to file an appeal *with the state as well*."  *Id.* (emphasis added).  Wendy Franklin states that she "continued calling" counsel's "office[,] still having to leave messages," and that "[s]everal messages on" June 29 "also included informing counsel to file a state appeal" from Franklin's guilty plea. *Id.*

On June 30, 2010, Mrs. Franklin "finally reached" John Yarbrough by phone.[6]

---

[6]     Mrs. Franklin identifies the attorney with whom she allegedly spoke as "Mr. Yarbrough."  John Yarbrough's letter of the following day clarifies that Mrs. Franklin spoke with John Yarbrough, not Tom Yarbrough.

*Id.* "He confirmed receiving all of the messages [she] had left for him. Mr. Yarbrough told [her] that he had not started the direct appeal for the federal case," because he "believed it was a long shot." *Id.* Mrs. Franklin alleges she replied that Franklin "was the only person who has the right to make this decision." *Id.* "At th[a]t point," *i.e.*, a day after the guilty plea hearing concluded in the state court, Mrs. Franklin "reiterated that Mr. Franklin also gave instructions for [Yarbrough] to file an appeal with the state," as she had previously directed in "messages left yesterday" on the attorneys' "voicemail." *Id.*

John Yarbrough allegedly "asked" Mrs. Franklin "if it would do any good to talk with" Franklin. *Id.* Mrs. Franklin replied: "no, because he has already decided to appeal and that will not change." *Id.* at 11–12. Mrs. Franklin states that she and her husband "had no reason to think that these specific instructions to file appeals with the federal court and one to the state court would not be followed," because she had "confirmed" Franklin's "decisions to proceed with the appeals." *Id.* at 12. But, Mrs. Franklin attests, Franklin's "decisions and specific instructions to file the appeals with the court in a timely manner [were] not followed." *Id.* Thus, the limited evidence filed in the state circuit court and by which that court rendered its decision universally and unequivocally supports Franklin's claim that he manifested a clear instruction that his counsel should file a timely appeal of his state conviction. *See Nupdal*, 666 F.3d at 1076.

Respondents' arguments are wholly inapposite. [Doc. #44] First, respondents contend the state circuit court "reasonably denied" Franklin's claim "because there is no general right to appeal after a plea of guilty in Missouri, and Franklin failed to allege sufficient facts to demonstrate that he had a claim that fit

within the limited appeal allowed after a guilty plea," meaning he has not "prove[n] prejudice." *Id.* at 4, 13–15. But respondents' theory does not find even arguable support in the law. As explained above, *Roe* holds that for this special type of ineffective assistance of counsel claim—where a defendant affirmatively instructed counsel to appeal and counsel did not follow that instruction—the defendant is entitled to relief without showing the claims he could have raised might have been meritorious, because prejudice is presumed. *See Roe*, 528 U.S. at 477–85.

Second, respondents argue that Franklin's allegations are insufficient because he did not plead the instant claim with specificity, and in particular that he is unclear about whether he affirmatively instructed counsel to file an appeal in his state case, or, if so, when he gave that instruction. The facts alleged here and in the Rule 29.07 motion reveal that this contention is unfounded. Franklin and his wife have consistently reiterated that Franklin issued repeated, specific, clear instructions to file an appeal in his state case on the day of and again on the day after his sentencing.[7] Further, though not detailing all of the specifics of the conversation with Mrs. Franklin, John Yarbrough acknowledged by letter that Mrs. Franklin in fact spoke with him by phone the day after the state plea proceedings. Franklin's allegations both here and in the Rule 29.07 motion are sufficiently specific that, if true, would entitle him to relief.

Third, respondents mistakenly focus only on the events that transpired before and during Franklin's plea and sentencing hearing. For example, respondents point out that the after accepting Franklin's guilty plea the court

---

[7] Respondents have never argued that Franklin's issuance of at least some of the instructions through his wife—an intermediary agent who had easier access to Franklin's counsel—alters the analysis. *See, e.g.*, *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005).

inquired whether Franklin believed his counsel had been ineffective before or during those proceedings. But the court's inquiry and factual findings based on testimony at the plea hearing obviously have no import to what happened after those proceedings concluded. The operative reference point is what happened *after* the hearing, that is, whether Franklin thereafter affirmatively instructed counsel to file an appeal.

Finally, respondents offer a single item of evidence that, they claim, counters Franklin's allegations. John Yarbrough signed an affidavit on May 31, 2011, in opposition to a challenge to Franklin's federal sentence. [Doc. #42-3 at 16] Franklin did not present that affidavit to the state circuit court in the Rule 29.07 motion. It therefore does not appear the state circuit court considered Yarbrough's affidavit when rendering its decision. But even assuming *arguendo* Yarbrough's affidavit was a part of the record in the state circuit court, that affidavit lends no support to the state circuit court's factual determination that Franklin did not instruct John Yarbrough to file an appeal of the state conviction.

In the affidavit, John Yarbrough wrote:

> Subsequent to [the federal and state] sentences, Mr. Franklin and his wife asked me if I thought filing *an appeal* would be helpful. I told them that I did not think *an appeal* would be helpful *in the Federal court case*[,] and even if there was an arguable chance that it could help[,] the fact of the *state sentence* would keep Mr. Franklin incarcerated even in the unlikely event that there was some relief to be had from *a Federal appeal*. The discussion we had on this was brief and I thought they agreed with my assessment that *an appeal* should not be filed.
>
> At no time did I receive specific instructions from Mr. or Mrs. Franklin or anybody else to file a Notice of Appeal and then proceed with that appeal.

*Id.* (emphasis added).

In the affidavit, Yarbrough avers that he was not instructed to file an appeal in Franklin's *federal* case, but he makes no such specific assertion with regard to Franklin's *state* case. No other interpretation of that document is reasonable; it explicitly speaks to whether Franklin sought a federal appeal and does not say one way or another whether Franklin separately instructed Yarbrough to file an appeal in the state proceedings. Further, even if that affidavit raised concerns about whether Franklin also demanded the attorney file a state appeal, respondents were obligated to adduce evidence here on that point. It has not done so. The affidavit simply does not address the claim at issue here, and thus does not even arguably support the state circuit court's decision. By the same measure, the state circuit court could not have made a credibility determination warranting deference that Franklin and his wife are not believable in the absence of any such evidence in the record, and without an evidentiary hearing. *See Kennedy*, 666 F.3d at 484.

Therefore, no evidence in the record supports a factual finding that Franklin did not affirmatively instruct his counsel to timely file an appeal from his guilty plea in the state court. *Ryan*, 387 F.3d at 791. Nor is an evidentiary hearing required here to further develop the record, because respondents have had ample opportunity to introduce evidence calling into doubt the allegations made by Franklin and his wife allegations. As no such evidence has been produced, no factual dispute exists on this record. *See Johnston v. Luebbers*, 288 F.3d 1048, 1059–60 (8th Cir. 2002) (explaining that a court need not hold "an evidentiary hearing if such a hearing would not assist in the resolution of [a petitioner's] claim" where the "record already contains all the facts necessary to resolve th[e] ineffective-assistance claim" (quotation marks and citation omitted)). Because all

of the evidence of record supports Franklin's claim that he instructed his counsel to file an appeal, Franklin has rebutted by clear and convincing evidence as unreasonable the presumptive correctness of the state circuit court's factual finding to the contrary, which enjoys no support in the record. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Bell*, 586 F.3d at 630; *King*, 266 F.3d at 822. That unreasonable factual determination is the sole basis on which the state circuit court could have identified and correctly applied *Roe* but nevertheless denied Franklin's failure-to-file-an-appeal-as-instructed claim. Thus, the Court is required to issue a writ of habeas corpus and grant Franklin relief. *See* 28 U.S.C. § 2254(d)(2); *Roe*, 528 U.S. at 477–85.

### III. Relief

*Roe* and its companion cases sanction only limited relief in circumstances such as the one presented here. A successful petitioner is "entitled to resentencing," *Peguero*, 526 U.S. at 28, and is "entitled to a new appeal." *Roe*, 528 U.S. at 485. But the resentencing to which a successful *Roe* petitioner is entitled is only for the purpose of having precisely the same sentence reentered, "thus affording the petitioner an opportunity to take a timely direct appeal." *Barger*, 204 F.3d at 1182 (citations omitted).

Moreover, a federal district court may issue a conditional writ of habeas corpus in such circumstances to first afford the State the opportunity to correct its own *Roe* error, with the writ to become permanent only if the State fails to timely afford the petitioner the ordered relief. *See Hendricks v. Lock*, 238 F.3d 985, 989 (8th Cir. 2001) (affirming the undersigned's issuance of a conditional writ of habeas corpus to a *Roe* petitioner); *Stubblefield*, 97 S.W.3d at 477 (directing a state circuit

court to grant relief to a successful *Roe* petitioner, "to impose the same sentence as originally imposed," and discharging the petitioner "to the custody of the sheriff" of the county where the petitioner was sentenced "to await his resentencing, at which time a new period for filing an appeal will begin to run"); *Moore*, 283 S.W.3d at 822 (same).  The Court will therefore conditionally grant Franklin's petition for a writ of habeas corpus on the failure-to-file-an-appeal claim only, and only for the limited purpose of allowing the circuit court to impose the same sentence Franklin received on June 29, 2010, so that he may file an appeal.

Finally, all of the other claims raised in the petition will be denied without prejudice because Franklin now has an avenue of relief available to raise them either in his state direct appeal or in a state collateral review proceeding thereafter. *See* 28 U.S.C. § 2254(c) (foreclosing federal relief where a petitioner has "the right under the law of the State to raise, by any available procedure, the question presented"); *see also id.* § 2254(b)(1)(A) (requiring exhaustion of "the remedies available in the courts of the State").

* * * * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the petition of Jerry D. Franklin for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1] is **conditionally granted** with respect to petitioner's claim that he was denied effective assistance of counsel by reason of his attorney's failure to file a direct appeal as instructed.

**IT IS FURTHER ORDERED** that the petition is **denied without prejudice** in all other respects.

A separate judgment consistent with this Memorandum and Order will issue.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2016.