UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY D. FRANKLIN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:11-CV-934-CEJ |
| CHRIS KOSTER, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on respondent's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The petitioner has not filed a response, and the time allowed for doing so has expired.

**I.   Procedural History**

On June 29, 2010, Jerry Franklin pled guilty in the Twenty-Second Circuit Court of Missouri (City of St. Louis) to two counts of first degree assault on a law enforcement officer, in violation of Mo. Rev. Stat. § 565.081. *See State v. Franklin*, No. 0922-CR05755-01; Resp. Ex. A. He was sentenced on that same day to two 18-year terms of imprisonment that were to run concurrently with each other and with a previously-imposed 216-month federal sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Resp. Ex. A at 2.

On May 23, 2011, Franklin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court conditionally granted Franklin's petition on the grounds that he was denied effective assistance of counsel by reason of his attorney's failure to file a direct appeal of the state court judgment as instructed. [Doc. #46]. Respondent now moves to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). [Doc. #48].

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) clarifies the power of district courts to correct their own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). The rule affords district courts "broad discretion" to alter or amend a judgment. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Relief is only available when a manifest error "affects the correctness of the judgment." *Norman*, 79 F.3d at 750 (internal quotations omitted).

Conversely, a party should not use the motion to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care,* 141 F.3d at 1286. This rule applies with equal force in the habeas context – a Rule 59(e) motion cannot be used to raise new arguments that could have been asserted prior to final judgment. *See, e.g., Mathenia v. Delo*, 99 F.3d 1476 (8th Cir. 1996).

## III. Discussion

Respondent argues that the Court should grant its Rule 59(e) motion because (1) the Court erroneously determined that Franklin showed cause and prejudice to excuse procedural default, (2) Franklin did not adequately plead an ineffective assistance of counsel claim, (3) the Court should have held an

2

evidentiary hearing as "Franklin, his documents, and his affiants are not credible," and (4) the state circuit court's decision did not involve an unreasonable application of clearly established federal law. [Doc. #48].

With regard to the Court's findings of cause and prejudice, respondent disputes the Court's interpretation and application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The Court has reviewed respondent's arguments and finds no error in its previous ruling.[1] Further, the Court previously analyzed and rejected each of the respondent's remaining arguments. [Doc. #46 at 15, 22–23 (addressing the state circuit court's application of federal law); *id*. at 16–23 (evaluating the factual sufficiency of petitioner's claims); *id.* at 25–26 (rejecting the need for an evidentiary hearing)].

Respondent also filed new evidence in support of the Rule 59(e) motion. This new evidence consists of defense counsels' affidavits, disputing petitioner's assertion that he directed them to appeal the state court judgment. [Doc. #50].

---

[1] *Martinez* explicitly holds that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was *no counsel or counsel in that proceeding was ineffective*." *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (emphasis added). Moreover, the facts here are distinguishable from *Arnold*, where a habeas petitioner retained representation both at his initial-review collateral proceeding *and* on appeal from that proceeding. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Finally, *Coleman* is distinguishable; at the initial review collateral proceeding, the court held a two-day evidentiary hearing and the petitioner had representation. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991).
Respondent also disputes the Court's finding of prejudice. But *Roe* directly applies to this particular type of ineffective assistance of counsel claim – where a defendant affirmatively requested an appeal and counsel did not comply. The Court noted that while generally it would require a "showing of actual prejudice (*i.e.,* that but for counsel's errors, the defendant might have prevailed) when the proceeding in question was presumptively reliable," it would "presume[e] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe*, 528 U.S. at 484.

But, respondent makes no showing that "(1) this evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

The Court finds that the arguments and evidence respondent presents in the instant Rule 59(e) motion have or could have been raised prior to entry of judgment. The respondent will not be afforded a "second bite at the apple." *Id.* at 936. Moreover, respondent has not shown any manifest errors of law or fact in the granting of petitioner's habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) [Doc. #48] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2016.